# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON ALEXANDER FAVOR,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | CASE NO. CV 13-5299-JSL (JEM)<br><br>ORDER RE: SUMMARY DISMISSAL OF ACTION FOR LACK OF JURISDICTION |

On June 28, 2013, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") and supporting memorandum ("Memo.") in the United States District Court for the Southern District of California ("Southern District"). On July 22, 2013, the Southern District transferred the action to this Court for further consideration. For the reasons set forth below, the Petition is dismissed without prejudice.

Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court need neither grant the habeas petition nor order a return if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243; see also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4") ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct

the clerk to notify the petitioner."). "[U]nder § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Notes to Rule 4, 1976 Adoption; see also Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970) (Under § 2243, "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face.").

"[T]he petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Notes to Rule 4, 1976 Adoption (quoting Aubut v. State of Me., 431 F.2d 688, 689 (1st Cir. 1970)); see also Calderon v. U.S. Dist. Court, 98 F.3d 1102, 1109 (9th Cir. 1996) (Schroeder, J., concurring), cert. denied, 520 U.S. 1233 (1997) ("Thus the facts in a habeas petition need not be so detailed as to establish *prima facie* entitlement to habeas relief; they are sufficient if they suggest the real possibility that constitutional error has been committed.") (italics in original). However, where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false, courts are authorized to summarily dismiss the petition. See McFarland v. Scott, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]"); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990), cert. denied, 498 U.S. 1096 (1991) ("[R]ule 4 of the Rules Governing Section 2254 in the United States District Courts 'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'") (citations omitted); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("Summary dismissal is appropriate only where the allegations in the petition are 'vague [or] conclusory' or 'palpably incredible', or 'patently frivolous or false.'") (citations omitted).

Petitioner's Petition and Memo. consist of a total of 31 pages of confused and unfocused rambling and any grounds for relief asserted therein are deficient. Hendricks, 908 F.2d at 491. For example, Petitioner sets forth a single claim for relief in the form Petition which is vague and largely incoherent, stating: "Prosecution along with judicial authorities in part by association acted to convict appellate on criminal wrongdoing in association with and by criminal wrongdoing. Trial counsel motive of defense could not result with non-guilty findings." (Petition at 3.) Petitioner's

1 | remaining allegations in the Memo., which is partly illegible, mostly incoherent, and includes
2 | "palpably incredible" allegations (see Memo. at 6 (claiming that Petitioner "witnesse[d] Jesus Christ
3 | spirit leave his . . . body (as to) float over to Mr. Castenda then disappear into the heavens"), are
4 | similarly deficient. Accordingly, the pending Petition is "patently frivolous." Hendricks, 908 F.2d
5 | at 491; In re Hunter, 1995 WL 261459, at *2 (N.D. Cal. 1995) (dismissing habeas petition because
6 | it is "a dense and impenetrable mass of verbiage").

Based on the foregoing, IT IS ORDERED THAT the case shall be summarily dismissed without prejudice for lack of jurisdiction. See Rule 4; Local Rule 72-3.2.

DATED: January 16, 2014

_Spencer Letts_ (signature)

J. SPENCER LETTS
UNITED STATES DISTRICT JUDGE